**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SEBASTIANO CANNISTRACI,**

                                                     **Plaintiff,**

    vs.                                                        **1:10-cv-980
                                                                 (MAD/DRH)**

**RODGER KIRSOPP, Individually and
as an agent, servant, and/or employee of the
State of New York; JOHN DOE, whose
name is presently unknown, Individually
and as an agent, servant and/or employee
of the State of New York; and RICHARD
ROE, whose name is presently unknown,
Individually and as an agent, servant
and/or employee of the State of New York,**

                                                    **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**KINDLON & SHANKS, P.C.**               **GENNARO D. CALABRESE, ESQ.**
74 Chapel Street                               **TERENCE L. KINDLON, ESQ.**
Albany, New York 12207
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**           **C. HARRIS DAGUE, AAG**
**STATE ATTORNEY GENERAL**        **KEVIN P. HICKEY, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**DECISION AND ORDER**

**I. INTRODUCTION**

     Currently before the Court is Defendant's motion *in limine* asking the Court to preclude

Plaintiff from presenting the testimony of Connie Ware and Keith Christiansen. *See* Dkt. No. 45-

1.

## II. DISCUSSION[1]

**A.     Connie Ware**

Defendant argues that Plaintiff did not disclose Connie Ware as a potential witness in his Rule 26(a) disclosure or at any other juncture during discovery. *See* Dkt. No. 45-1 at 2-3. As such, Defendant contends that Plaintiff should be precluded from calling Ms. Ware as a witness pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure because he does not have substantial justification for this failure. *See id.* at 3-4. Plaintiff admits that Ms. Ware's name was not provided in its initial or any supplemental Rule 26(a) disclosure and, therefore, states that it will not call Ms. Ware as a witness at trial. *See* Dkt. No. 46 at ¶ 5.

In light of Plaintiff's indication that he will not call Ms. Ware at trial, the Court denies this portion of Defendant's motion as moot. *See Bravman v. Baxter Healthcare Corp.*, 842 F. Supp. 747, 748 (S.D.N.Y. 1994) (finding motion *in limine* seeking to preclude evidence moot when the plaintiff conceded that it would not introduce the evidence that the defendant was seeking to preclude).

**B.     Keith Christiansen**

Defendant contends that Mr. Christiansen, who is a private investigator retained by Plaintiff to investigate the criminal charges filed against him, should not be allowed to testify because he will either be offered as an unqualified expert or he will testify solely as to matters of pure hearsay. *See* Dkt. No. 45-1 at 5. Specifically, Defendant claims that Mr. Christiansen will testify regarding out of court statements made to him by Alyssa R. and Kristen S., and will state

---

[1] The Court refers the parties to its May 16, 2012 Memorandum-Decision and Order for a complete statement of the underlying facts in this case. *See* Dkt. No. 29.

that Kristen S. told him that he called Defendant and informed him that Alyssa R.'s statement was untrue.  *See id.* at 6.

Plaintiff, however, contends that Mr. Christiansen will not be testifying as an expert and that his testimony will not be hearsay.  *See* Dkt. No. 46 at ¶ 7.  Plaintiff claims that Mr. Christiansen will be called to testify "concerning *how* and *when*" he discovered Alyssa R. and Kristen S., which he claims is necessary to establish that Defendant acted with malice.  *See id.*  Plaintiff argues that Defendant will not be prejudiced by denying this motion and that he can object at trial after a question is asked which may elicit potential hearsay testimony.  *See id.* at ¶ 8.  In his reply, Defendant argues that "'how and when'" Mr. Christiansen discovered Alyssa R. and Kristen S. "is wholly irrelevant to plaintiff's claim of malicious prosecution."  *See* Dkt. No. 47 at ¶ 8.  Defendant claims that, "[p]ursuant to the Court's own decision on Summary Judgment, the only dispositive issue remaining in this matter is whether [Defendant] knew of the allege[d] statement by [Kristen S.] that her daughter's statement was a lie and obtained via fraud."  *See id.*  Defendant further argues that, contrary to Plaintiff's contention, Mr. Christiansen will not provide factual information that no other witness can provide.  *See id.* at ¶ 10.  Specifically, Defendant argues that Kristen S. can testify regarding the timing of her alleged statement to Defendant and Alyssa R. can testify regarding the content of her statement to Defendant.  *See id.* at ¶ 11.  As such, Defendant claims that the risks of unfair prejudice, confusion, and the unnecessary addition of time to the length of this trial all weigh in favor of precluding Mr. Christiansen's testimony pursuant to Rule 403 of the Federal Rules of Evidence.  *See id.* at ¶ 12.

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  A court should exclude

3

evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

In the present matter, the Court agrees with Plaintiff that it is premature to preclude this yet unknown testimony as either hearsay or overly prejudicial. "The Court is unwilling to speculate, pretrial, as to what statements any witness will or will not make during trial." *Picciano v. McLoughlin*, No. 5:07-cv-781, 2010 WL 4366999, *5 (N.D.N.Y. Oct. 28, 2010). Throughout the course of the trial, Defendant may object to testimony that he believes is inadmissible and the Court will issue a ruling at that time.[2]

Based on the foregoing, the Court denies Defendant's motion *in limine* as premature.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* is **DENIED** without prejudice to renew**;** and the Court further

---

[2] During trial, Defendant may request a *voir dire* of Mr. Christiansen outside of the presence of the jury, if he believes that such a hearing is necessary to protect his rights. *See United States v. Nacchio*, 555 F.3d 1234, 1260 (5th Cir. 2009).

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2012
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge